(Pleito No. 93.—Fallado el 22 de Octubre de 1900.)

## SÁNCHEZ contra FERRER.

RECURSO contra sentencia dictada por la Corte de Distrito de San Juan.

POSEEDOR EN COMUNIDAD. El poseedor de bienes raíces en comunidad, que lo sea de la mayor parte de ellos, es el árbitro para su administración y manejo, y puede solicitar un auto de desahucio.

### SENTENCIA.

En la Ciudad de San Juan, á veinte y dos de Octubre de mil novecientos, en el recurso de casación, por infracción de ley, que ante este Tribunal Supremo pende, interpuesto por el Letrado Don Antonio Moreno Calderón, en representación de Don Luis Sánchez Vahamonde, contra auto del Tribunal

de Distrito de San Juan, dictado en el juicio de desahucio intentado por Sánchez contra Don Maximino Ferrer.— Resultando: Que el recurrente acudió ante el Tribunal de Distrito de San Juan promoviendo juicio de desahucio contra Ferrer, fundándolo en que Ferrer ocupa en precario una casa de las que pertenecen al Sánchez Vahamonde diez onceavas partes; en que fué oportunamente requerido para que la desalojase, sin que lo hubiese efectuado, y citando como fundamentos de derecho los artículos 1,561, 1,562 y 1,563 de la Ley de Enjuiciamiento Civil, la Orden General 118 y los artículos 398 y 399 del Código Civil, y acompañando con su demanda una copia de la escritura de adquisición de la finca, de la que aparece dueño de diez onceavas partes de ella y certificación del requerimiento hecho al demandado, solicitó se condenara á éste á desalojar la finca, previos los trámites legales.—Resultando: Que el Tribunal dictó á continuación del escrito de demanda el auto que dice: "Puerto Rico, Julio dos de mil novecientos.—Por presentado el anterior escrito; y Considerando: Que la acción de desahucio, como derivada del dominio, presupone la plena propiedad ó posesión de la finca cuyo desahucio se pretende.—Considerando: Que por la escritura acompañada se viene en conocimiento que Don Luis Sánchez Vahamonde Oller sólo es dueño de unas onceavas partes y en mancomún y proindiviso con Don Carmelo Fuentes Ferrer, de una casa con su solar sita en la calle Real, del pueblo de Loiza, y que ocupa en precario, según se afirma, Don Maximino Ferrer, no constando de los documentos presentados la conformidad del otro propietario, por lo que, siendo la propiedad mancomunada y no indivisa, los beneficios y derechos, como carga de dicha propiedad, no pueden ser exclusivos ó singulares de uno de los condueños.—No ha lugar á admitir ni á tramitar la presente demanda, hasta tanto que no conste la conformidad del otro dueño.—Lo acordaron los Sres. del Tribunal y firman, certifico.—Juan R. Ramos.—Angel Acosta.—Felipe Cuchí.—Ramón Falcón."

—Y suplicado dicho auto dictó el Tribunal la siguiente providencia: "Puerto Rico, Agosto veinte y siete de mil novecientos.—Dada cuenta: no habiendo variado los fundamentos en que descansa el auto de dos de Julio último, no ha lugar á la reposición que se solicita en el anterior escrito.—Lo acordaron y firman los Sres. del Tribunal, certifico.—Juan R. Ramos.—Angel Acosta.—Felipe Cuchí.—Ramón Falcón."—Resultando: Que contra el auto citado y en su concordante, que queda copiado, estableció la representación del demandante recurso de casación, que le fué tenido por anunciado, por el Tribunal de Distrito, autorizado dicho recurso por los casos 1º, 3º y 7º del artículo 1,690 y 1º del artículo 1,688 de la Ley de Enjuiciamiento Civil, citando como infringidos los artículos 1,562 de la Ley de Enjuiciamiento Civil que concede atribuciones para promover el juicio de desahucio á cualquiera que tenga el derecho á disfrutar la finca, por lo que siendo Sánchez dueño de diez onceavas de la finca, tiene derecho á promover el juicio de desahucio; el artículo 398 del Código Civil, que determina que para el mejor disfrute de la cosa común, serán obligatorios los acuerdos de la mayoría de los partícipes, entendiéndose que habrá mayoría cuando el acuerdo esté tomado por quienes representen mayor candidad de intereses en la comunidad, por lo que representando Sánchez la mayor cantidad, se debió dar curso á su demanda; el artículo 1,571 del Código Civil, que dispone que el comprador de una finca tiene derecho á que termine el arrendamiento al verificarse la venta, por lo que disponiéndose así respecto al arrendamiento, es de suponer que igual derecho tenga el comprador para que termine el precario y que es tanto más justo cuanto que el que disfruta el precario, Ferrer, lo adquirió de los vendedores de Sánchez.—Resultando: Que celebrada la vista, sostuvo en ella el recurso el Letrado Don Wenceslao Bosch, única parte que asistió.—Vistos: Siendo Ponente el Juez Asociado Don Louis Sulzbacher.—Considerando: Que el auto que rechaza la admisión de una de-

manda, tiene el concepto de definitivo, pues hace imposible la continuación del pleito, ya que hace imposible su iniciación ; por lo que es procedente contra él el recurso de casación, con arreglo al artículo 1,688, caso 1º de la Ley de Enjuiciamiento Civil.—Considerando : Que siendo parte legítima para promover el juicio de desahucio, según el artículo 1,562 de la Ley de Enjuiciamiento Civil, los que tengan la posesión real de la finca á título de dueños, y siendo la excepción fundamento del auto referido, de las que pueden ser alegadas por el demandado ; el Tribunal al rechazar la demanda, ha infringido el citado artículo, señalado por el recurrente como primer motivo de su recurso.—Considerando : Que, aparte de que el derecho de los Tribunales para repeler las demandas, se refiere al caso en que éstas no estén adornadas de las formalidades legales. el poseedor de bienes en comunidad, que lo sea de la mayor parte de ellos, es el árbitro para su administración y manejo, como claramente dispone el artículo 398 del Código Civil ; y al desconocer ese derecho al recurrente, que oportunamente hizo notar al Tribunal en su escrito de súplica el error en que estaba al suponerle dueño de una undécima parte de la finca, cuando lo era de diez undécimas partes. ha infringido el Tribunal sentenciador el expresado artículo.—Considerando : Que siendo procedente el recurso por los dos motivos expresados. es innecesario resolver en cuanto al tercero.—Fallamos : Que debemos declarar y declaramos con lugar el recurso de casación interpuesto contra las resoluciones del Tribunal de Distrito de San Juan, que quedan citadas, las cuales casamos y anulamos ; y el Tribunal sentenciador admita la demanda y sustánciela con arreglo á derecho. Con certificación de esta sentencia que se publicará en la *Gaceta* de esta Isla, devuélvanse las actuaciones al Tribunal sentenciador, para el cumplimiento oportuno.—Así por esta nuestra sentencia lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—Rafael Nieto Abeillé.—Louis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don Louis Sulzbacher, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á veinte y dos de Octubre de mil novecientos.— E. de J. López Gaztambide, *Secretario.*